Floyd v Player (2019 NY Slip Op 00564)





Floyd v Player


2019 NY Slip Op 00564


Decided on January 29, 2019


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on January 29, 2019

Friedman, J.P., Gische, Kapnick, Gesmer, Moulton, JJ.


8234N 300013/14

[*1] Christian Floyd, Plaintiff-Respondent,
v
Anthony Keven Player, Defendant, Anthony Cella, et al., Defendants-Appellants.


McGaw, Alventosa & Zajac, Jericho (Andrew Zajac of counsel), for appellants.
The Altman Law Firm, PLLC, Woodmere (Michael T. Altman of counsel), for respondent.



Order, Supreme Court, Bronx County (Laura Douglas, J.), entered on or about January 24, 2018, which, to the extent appealed from as limited by the briefs, denied defendants Anthony Cella and Bellmar Constructions and Maintenance Corp.'s motion to compel plaintiff to appear for further depositions and physical examinations, unanimously affirmed, without costs.
The court providently exercised its discretion in determining that plaintiff's disclosure, in a supplemental bill of particulars, that surgery had been recommended for his spine did not warrant compelling pre-operative and post-operative depositions or physical examinations at that time, and it was warranted in granting the motion only to the extent of directing plaintiff to provide authorizations for medical records pertaining to his continuing treatment (see Jenkins v Trustees of the Masonic Hall and Asylum Fund, 112 AD3d 469 [1st Dept 2013]; CPLR 3043[b]). Plaintiff had previously disclosed at his deposition that his doctor had recommended surgery, and defendants already had an opportunity to inquire about the matter at that time. Further, there was no showing that plaintiff had agreed to undergo the recommended surgery or that his physical condition had changed since he was examined by defendants' designated medical experts.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: JANUARY 29, 2019
DEPUTY CLERK